```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

  IFADIMEJI KAZEEM BIOBAKU,

                     Plaintiff,            MEMORANDUM & ORDER
                                           24-CV-8748 (EK)

          -against-


  UNITED STATES CITIZENSHIP AND
  IMMIGRATION SERVICE and BARBARA
  OWLETT, Field Office Director

                     Defendants.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Plaintiff Biobaku requests an "emergency injunction" "barring Defendants from adding [him] to any deportation list or initiating removal proceedings while this action is pending." ECF 15 at 1. He is proceeding *pro se*.

The appropriate procedure for requesting a preliminary injunction or other emergency relief under Rule 65 is by motion. *See* 11A Fed. Prac. & Proc. Civ. § 2949 (3d ed. 2025); *Allens Creek/Corbetts Glen Pres. Grp., Inc. v. Caldera*, 88 F. Supp. 2d 77, 83-84 (W.D.N.Y. 2000), *aff'd sub nom. Allens Creek / Corbetts Glen Pres. Grp., Inc. v. West*, 2 F. App'x 162 (2d Cir. 2001) ("If a party seeks immediate relief, Rule 65 . . . requires the filing of a motion"). Because Biobaku is *pro se*,

the Court will consider his request for emergency relief. The request must nevertheless be denied.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Biobaku has not established that he is likely to succeed on the merits.

Biobaku's complaint turns fully on alleged errors related to USCIS's adjudication of his naturalization application. But Biobaku acknowledges that he was out of the United States for an extended period after his naturalization interview and before admission as a citizen. Compl. 3, 8, 13, ECF No. 1. Given that, he does not satisfy the requirements for naturalization. 8 U.S.C. § 1427(b). This alone precludes relief, even if his absence was involuntary. *See Gildernew v. Quarantillo*, 594 F.3d 131, 133-34 (2d Cir. 2010). It is settled law that federal courts have no "equitable powers . . . to confer citizenship in violation of [statutory] limitations." *I.N.S. v. Pangilinan*, 486 U.S. 875, 885 (1988).

Plaintiff's APA claim, too, is unlikely to succeed, as it is duplicative of his Section 1421(c) claim. *See, e.g., Saleh v. Jaddou*, No. 21-cv-10240, 2023 WL 5671149, at *9

(S.D.N.Y. Sep. 1, 2023). And his other claims are similarly unlikely to succeed. As the Government noted in its motion to dismiss and Biobaku failed to controvert: 42 U.S.C § 1983 does not apply against the federal government; Biobaku has not alleged how any failure to verify his documents violated due process; and his unreasonable delay claim is likely moot as his naturalization application has now been adjudicated. *See* ECF Nos. 12-6, 12-7, 12-8. Emergency relief is not warranted while this action is pending.

      Plaintiff's request to file a sur-reply on the government's motion to dismiss is denied. The Clerk of Court is respectfully directed to mail a copy of this order to Biobaku.

      SO ORDERED.

      /s/ Eric Komitee
      ERIC KOMITEE
      United States District Judge

Dated:    July 25, 2025
           Brooklyn, New York

3