UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

IFADIMEJI KAZEEM BIOBAKU,

Plaintiff,

**MEMORANDUM & ORDER**
24-CV-8748 (EK)

-against-

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES and BARBARA OWLETT, Field Office Director,

Defendants.

------------------------------------x

ERIC KOMITEE, United States District Judge:

Plaintiff Ifadimeji Kazeem Biobaku filed a Form N-400 application for naturalization. After United States Citizenship and Immigration Services denied his application, he brought this action against the agency and Barbara Owlett, Director of the USCIS Long Island Field Office.

Proceeding *pro se*, plaintiff seeks *de novo* review of the agency's decision under Section 310(c) of the Immigration and Nationality Act. He also alleges that USCIS violated his Fifth Amendment due process rights by "fail[ing] to verify the authenticity" of his divorce documents concerning a prior marriage. He further alleges that the denial was arbitrary and capricious under the Administrative Procedure Act. Finally, he alleges that USCIS unduly delayed adjudicating his application.

He requests that the Court vacate USCIS's decision and grant his application.

Defendants have moved to dismiss plaintiff's undue delay claim for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and his other claims for failure to state a claim upon which relief can be granted under Rule 12(b)(6). For the reasons set forth below, the complaint is dismissed in its entirety.

## I. Background

The following facts are drawn from the complaint ("Compl."), ECF No. 1, and they are presumed true for purposes of this motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).[1] The Court also takes notice of the exhibits attached to the complaint, including the United States Citizenship and Immigration Services' ("USCIS") decision affirming its denial of plaintiff's N-400 application. Compl. Ex. A, Decision Denying Form N-400 Application dated September 11, 2024 ("N-400 Denial") 1, ECF No. 1; *see Lia v. Saporito*, 909 F. Supp. 2d 149, 161 (E.D.N.Y. 2012).

In June 2019, Biobaku filed a Form N-400 seeking

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

naturalization based on his marriage to a U.S. citizen. Compl. ¶ 10. In October 2023, USCIS denied his application, finding that the "divorce decree [he] submitted" for his prior marriage in Nigeria "was invalid." N-400 Denial 1; Compl. ¶ 20.

In November 2023, plaintiff filed a Form N-336 requesting an administrative hearing on the denial. Compl. ¶ 22; *see* 8 U.S.C. § 1447(a). USCIS scheduled the hearing for August 29, 2024, but Biobaku did not attend. N-400 Denial 1-2. An attorney who had previously represented him appeared, however, and explained that plaintiff had been living in Nigeria since August 8, 2023. *Id.* at 1. A letter from plaintiff's physician confirms that he was treated in Nigeria during that period and was not cleared to return to the United States until September 13, 2024. Compl. Ex. B, Redwood Special Hospital Ltr. ("Redwood Hospital Ltr.") 1, ECF No. 1.

On September 11, 2024, USCIS affirmed the denial on two independent grounds. N-400 Denial 1-2. First, it found the additional documents plaintiff submitted to verify his divorce "insufficient," because he provided "no information . . . to establish how the documents . . . were purportedly verified." *Id.* at 2. Second, it found that plaintiff had "failed to meet the continuous residence requirements for naturalization," because he had been "outside the United States . . . from at

least August 8, 2023 until" the August 29, 2024 hearing. *Id.* That absence had "disrupted" the "continuity of residence" required by statute. *Id.*

Biobaku filed this action on December 23, 2024. Compl. 5.[2]

**II. Legal Standard**

The Court "must construe *pro se* pleadings broadly and interpret them to raise the strongest arguments that they suggest." *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000). Still, a *pro se* plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead facts sufficient "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The

[2] In July 2025, Biobaku sought emergency relief "barring Defendants from . . . initiating removal proceedings while this action is pending." ECF No. 15 at 1. The Court denied the request, reasoning that plaintiff was unlikely to succeed on the merits of his claim because he "acknowledges that he was out of" the country for over a year while his application was pending. Order Denying Injunction 2, ECF No. 16.

Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 113 (2d Cir. 2013). But the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The same presumptions apply as under Rule 12(b)(6), *Bohnak v. Marsh & McLennan Cos., Inc.*, 79 F.4th 276, 283 (2d Cir. 2023), but the Court "may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113.

## III. Discussion

### A. Plaintiff is Ineligible for Naturalization Due to the Continuous Residence Requirement

Plaintiff seeks review of the denial of his application for naturalization under 8 U.S.C. § 1421(c).[3] He

---

[3] Under that provision, a person whose application for naturalization has been denied by USCIS and then upheld on administrative appeal "may seek review of such denial before the . . . district court for the district in which such person resides." 8 U.S.C. § 1421(c). Biobaku resides in Brooklyn, and the agency upheld its denial on administrative appeal. Compl. ¶ 6; N-400 Denial 1-2.

alleges that USCIS "failed to provide any evidence to support" its determination that his divorce documents were "fraudulent." Compl. ¶ 25; *see* Pl.'s Mem. in Opp'n, ECF No. 11.

Section 1421(c) provides for *de novo* review of the agency's denial of naturalization. *Moya v. U.S. Dep't of Homeland Sec.*, 975 F.3d 120, 127 (2d Cir. 2020). An applicant for naturalization bears the burden of establishing by a preponderance of the evidence "his eligibility for citizenship in every respect." *Berenyi v. Dist. Dir., Immigr. & Naturalization Serv.*, 385 U.S. 630, 637 (1967); *see* 8 C.F.R. § 316.2(b). Among other things, the applicant must have been lawfully admitted for permanent residence and must have "resided continuously within the United States from the date of the application up to the time of admission to citizenship." 8 U.S.C. §§ 1427(a), 1429; *see Iqbal v. USCIS*, 397 F. Supp. 3d 273, 279 (W.D.N.Y. 2019). An absence "for a continuous period of one year or more" during that period "shall break the continuity of such residence." 8 U.S.C. § 1427(b). Even an involuntary absence breaks continuity. *Gildernew v. Quarantillo*, 594 F.3d 131, 133 (2d Cir. 2010).

Biobaku has not carried his burden of establishing eligibility. To the contrary, the undisputed record shows that plaintiff did not maintain continuous residence while his

application was pending. As the agency found, plaintiff was in Nigeria from August 8, 2023 until at least August 29, 2024. N-400 Denial 1. Even if the absence were involuntary, the statute provides no exception, and plaintiff is therefore ineligible for naturalization. *Gildernew*, 594 F.3d at 133; *see Iqbal v. USCIS*, 397 F. Supp. 3d at 282-83. Moreover, amendment of this claim would be futile, as plaintiff does not dispute that he did not comply with the continuous residence requirement. Compl.; Pl.'s Mem. in Opp'n; *see Shtykova v. Holder*, No. 10-CV-4999, 2012 WL 1004906, at *5 (E.D.N.Y. Mar. 22, 2012).

Because plaintiff is statutorily ineligible for naturalization, the Court need not address his argument concerning the validity of his divorce documents. *See Berenyi*, 385 U.S. at 637. Defendants' motion to dismiss the Section 1421(c) claim under Rule 12(b)(6) is therefore granted.[4]

### B. Plaintiff's APA Claim Is Dismissed Because Section 1421(c) Provides an Adequate Remedy

Plaintiff also alleges that the agency's decision to reject his divorce documents was "arbitrary [and] capricious"

---

[4] Although Section 1421(c) directs courts to "conduct a hearing *de novo* on the application," no hearing is required when — as here — "there are no disputed issues of material fact." *Chan v. Gantner*, 464 F.3d 289, 296 (2d Cir. 2006); *see Rahman v. Garland*, 791 F. Supp. 3d 357, 363 (E.D.N.Y. 2025).

under the Administrative Procedure Act ("APA"). Compl. ¶¶ 23, 37; 5 U.S.C. § 706(2)(A).

"The APA only provides for judicial review of actions that are reviewable by statute or any final agency action for which there is no other adequate remedy in a court." *De Dandrade v. U.S. Dep't of Homeland Sec.*, 367 F. Supp. 3d 174, 187 (S.D.N.Y. 2019), *aff'd sub nom. Moya v. U.S. Dep't of Homeland Sec.*, 975 F.3d 120 (2d Cir. 2020); *see* 5 U.S.C. § 704. Plaintiff's Section 1421(c) claim — addressed above — provides such a remedy. That provision authorizes the Court to grant "all [the] relief" plaintiff seeks: vacatur of the denial and an order granting his application. *De Dandrade*, 367 F. Supp. 3d. at 187; *see Miriyeva v. USCIS*, 436 F. Supp. 3d 170, 178 n.11 (D.D.C. 2019) (observing that federal courts have unanimously held that Section 1421(c) is the "sole means of seeking judicial review of the actual denial of a naturalization application"), *aff'd*, 9 F.4th 935 (D.C. Cir. 2021). Thus, Biobaku has not stated a claim under the APA.

**C. Plaintiff Has Not Stated a Constitutional Claim**

Plaintiff next alleges that USCIS (1) violated his Fifth Amendment right to due process, (2) deprived him of "his rights under color of law" in violation of 42 U.S.C. § 1983, and (3) violated his rights under the Declaration of Independence.

Compl. ¶¶ 36-38, 40. These allegations, too, do not adequately state a claim.

***Fifth Amendment Due Process.*** Plaintiff alleges that USCIS "failed to verify the authenticity" of his divorce documents, thereby "depriving [him] of a fair and impartial adjudication process." Compl. ¶ 36. But a party claiming a denial of due process in immigration proceedings "must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process." *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008). A party who concedes the "predicate facts" that provide the basis for the agency's denial cannot show that the agency's "procedure has caused him any prejudice." *Miller v. Mukasey*, 539 F.3d 159, 164 (2d Cir. 2008).

Plaintiff has not alleged prejudice here. As set out above, the agency denied his application on the independent, uncontested basis that he did not satisfy the continuous residence requirement. *See* Section III.A, above. Even had the agency found his divorce documents valid, he would have remained ineligible. *See Miller*, 539 F.3d at 164. His due process claim is therefore also dismissed.

***Section 1983 Claim.*** Plaintiff next alleges that defendants violated his constitutional rights under Rev. Stat. § 1979, 42 U.S.C. § 1983, by "failing to follow mandated

procedures and engage in proper verification process." Compl. ¶ 40. He does not specify what rights were allegedly violated. *See id.* In any case, Section 1983 "entitles an injured person to money damages if a *state* official violates his or her constitutional rights," and "Congress did not create an analogous statute for federal officials." *Ziglar v. Abbasi*, 582 U.S. 120, 130 (2017) (emphasis added). Plaintiff challenges only the conduct of a federal agency and a federal official. *See* Compl. 5-6. The Section 1983 claim therefore must be dismissed.

***Declaration of Independence Claim.*** Plaintiff also alleges that defendants "infringed upon [his]" rights to "life, liberty, and the pursuit of happiness" under the Declaration of Independence. Compl. ¶ 38. But that document provides no private right of action. *E.g., Coffey v. United States,* 939 F. Supp. 185, 191 (E.D.N.Y. 1996). Accordingly, this claim is also dismissed.

**D. Plaintiff's Undue Delay Claim Is Moot**

Finally, Biobaku contends that USCIS unduly delayed adjudicating his application "by repeatedly requesting additional documents from 2020 to 2023." Compl. ¶¶ 42-43.

"A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in

the outcome." *Tann v. Bennett*, 807 F.3d 51, 52 (2d Cir. 2015). In the naturalization context, an "agency's refusal to act on an application is a prerequisite for the existence of a case or controversy." *Meng v. USCIS*, 597 F. Supp. 3d 552, 554 (E.D.N.Y. 2022); *see Li v. Napolitano*, No. 08-CV-7353, 2009 WL 2358621, at *3 (S.D.N.Y. July 30, 2009). USCIS has now denied plaintiff's application and affirmed that denial. N-400 Denial 1-2. Any claim to compel adjudication is therefore moot, as "the relief sought can no longer be given . . . ." *Saleh v. Pastore*, No. 21-1073, 2021 WL 4978574, at *1 (2d Cir. Oct. 27, 2021); *see Chen ex rel. Jinghon v. Sessions*, 321 F. Supp. 3d 332, 337 (E.D.N.Y. 2018). The Court therefore dismisses this claim for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

## IV. Conclusion

For the foregoing reasons, defendants' motion to dismiss is granted. Plaintiff's claims under 8 U.S.C. § 1421(c), the APA, the Fifth Amendment, 42 U.S.C. § 1983, and the Declaration of Independence are dismissed with prejudice, as amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Plaintiff's undue delay claim is dismissed without prejudice for lack of subject matter jurisdiction. The Clerk is respectfully directed to enter judgment and close this case.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: September 29, 2026
Brooklyn, New York